## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## (AT KNOXVILLE)

| | | |
|---|---|---|
| LYNDEN DIBBLE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-cv-00381 |
| | ) | |
| FELICIA VAN ASTEN, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ANSWER AND COUNTER-COMPLAINT

The Defendant, Felicia Van Asten ("Ms. Van Asten"), by and through her undersigned counsel, respectfully files this Answer and Counter-Complaint in response to the Complaint filed by the Plaintiff, Lynden Dibble ("Mr. Dibble"):

## ANSWER

1. Paragraph 1 of the Complaint is admitted.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is admitted.

6. Paragraph 6 of the Complaint is admitted.

7. Paragraph 7 of the Complaint does not require a response.

8. Paragraph 8 of the Complaint is admitted.

9. Paragraph 9 of the Complaint is admitted. For further response, Ms. Van Asten avers that the subject real property (hereinafter, the "Property") consists of a single-family

residence situated upon approximately 1.75 acres. The Property was conveyed to Ms. Van Asten by her late father, Herbert Thornton, by Quitclaim Deed dated June 21, 2017.

10. In response to Paragraph 10 of the Complaint, it is admitted that Mr. Dibble spent money on remodeling and renovating her Property. Ms. Van Asten also spent money of her own on remodeling and renovating the Property. However, Ms. Van Asten only allowed Mr. Dibble to spend his money on her Property based upon Mr. Dibble's promise that he was going to marry her and that the parties would make the Property "their" home together. It is also admitted that Ms. Van Asten agreed to execute a quitclaim deed conveying a one half (1/2) interest in her Property to Mr. Dibble, but once again, her agreement to execute a quitclaim deed was expressly conditioned upon Mr. Dibble fulfilling his promise that he would marry her – which never happened. In fact, Mr. Dibble broke his promise when he ended their relationship and moved back to the Atlanta area in July 2019, leaving Ms. Van Asten's Property in a state of utter disrepair, such that it is functionally uninhabitable. For further response, Ms. Van Asten affirmatively avers that she never executed a deed of any sort in favor of Mr. Dibble. The remainder of Paragraph 10 is denied, and strict proof thereof is demanded at trial

11. Paragraph 11 of the Complaint is admitted insofar as the parties did hire Brad Richardson ("Mr. Richardson) and Premier Construction and Restoration, LLC ("Premier") to perform remodeling and renovation work upon the Property. It is also admitted that Mr. Richardson and Premier performed extensive demolition and other work on the Property from approximately January 2019 through approximately June 2019. With respect to <u>Exhibit A</u> attached to the Complaint, however, Ms. Van Asten can neither admit nor deny that the document is a true, complete and accurate reproduction of the written agreement that she signed when the parties hired

Mr. Richardson and Premier; therefore, the authenticity of Exhibit A is denied and strict proof thereof is demanded at trial.

12. In response to Paragraph 12 of the Complaint, it is admitted that Mr. Dibble spent money on remodeling and renovating her Property. However, Ms. Van Asten is without sufficient information to either admit or deny that all of the monies contemplated in Paragraph 12 were in fact spent on remodeling and renovating her Property, nor does she have sufficient information to admit or deny the authenticity, truthfulness or the accuracy of the documents attached as collective Exhibit B to the Complaint; therefore, all of the foregoing matters are denied, and strict proof thereof is demanded at trial.

13. Paragraph 13 of the Complaint is admitted insofar as it is true the parties are no longer in a romantic relationship, because Mr. Dibble ended their relationship and moved back to the Atlanta area in July 2019. Therefore, to the extent that Paragraph 13 of the Complaint asserts or implies that the relationship was mutually terminated, Ms. Van Asten denies the same, and strict proof thereof is demanded at trial.

14. Paragraph 14 of the Complaint is admitted insofar as it is true that Ms. Van Asten has refused to execute a quitclaim deed conveying any interest in her Property to Mr. Dibble. As stated hereinabove, her agreement to execute a quitclaim deed conveying a one half (1/2) interest in the Property to Mr. Dibble was expressly conditioned upon Mr. Dibble fulfilling his promise that he would marry her – which he did not fulfill – therefore, she has refused to sign a deed to her Property. Moreover, it is denied that Mr. Dibble spent any monies "on her behalf" to remodel and renovate her Property. It is also denied that the Property was ever "their" home. The Property would have been "their" home if Mr. Dibble had fulfilled his promise that he would marry her.

The remainder of the allegations contained in Paragraph 14 of the Complaint are denied, and strict proof thereof is demanded at trial.

15. In response to Paragraph 15 of the Complaint, Ms. Van Asten denies that Mr. Dibble is entitled to recover any amount for monies that he expended on remodeling or renovating her Property.

16. Paragraph 16 of the Complaint does not require a response.

17. In response to Paragraph 17 of the Complaint, Ms. Van Asten denies that the parties ever had a contract whereby Mr. Dibble agreed to put money into her Property in exchange for her executing a quitclaim deed conveying a one half (1/2) interest in the Property. However, Ms. Van Asten asserts that the parties *did* have a contract between them whereby Ms. Van Asten agreed to allow Mr. Dibble to engage a contractor to perform remodeling and renovations to her Property, and she also agreed to execute a quitclaim deed conveying a one half (1/2) interest in her Property to Mr. Dibble, in exchange for his promise to marry her and to make the Property "their" home. Before she allowed him to spend any money on renovations to her Property, Mr. Dibble did in fact promise her (on multiple occasions) that he would marry her and that the parties would make her Property "their" home. However, he subsequently broke his promise to marry her when he ended their relationship in July 2019 and moved back to the Atlanta area to be closer to his adult children. The remainder of the allegations contained in Paragraph 17 of the Complaint are denied, and strict proof thereof is demanded at trial.

18. In response to Paragraph 18 of the Complaint, Ms. Van Asten re-alleges her answer to Paragraph 17 of the Complaint, as set forth above and as if set forth herein verbatim.

19. In response to Paragraph 19 of the Complaint, Ms. Van Asten denies that Mr. Dibble is entitled to recover any damages from her in connection with any monies that he allegedly

spent on renovations to her Property, because the parties never had a contract between them as alleged by Mr. Dibble in Paragraphs 17 and 18 of his Complaint. The contract that the parties *did* have between them was breached by Mr. Dibble when he ended their relationship in July 2019 and moved back to the Atlanta area to be closer to his adult children. Finally, Ms. Van Asten denies that Mr. Dibble is entitled to recover any punitive damages whatsoever. The remainder of the allegations contained in Paragraph 19 of the Complaint are denied, and strict proof thereof is demanded at trial.

20. Paragraph 20 of the Complaint does not require a response.

21. In response to Paragraph 21 of the Complaint, Ms. Van Asten re-alleges her answer to Paragraph 17 of the Complaint, in its entirety and as set forth above, and as if set forth herein verbatim. For further response, Ms. Van Asten alleges that there was a meeting of the minds between the parties regarding the terms upon which she would agree to execute a quitclaim deed conveying a one half (1/2) interest in her Property to Mr. Dibble, to wit, that Mr. Dibble promised that he would marry her and that they would make her Property "their" home. Mr. Dibble breached the parties' agreement when he ended their relationship in July 2019 and moved back to the Atlanta area to be closer to his adult children. Moreover, Ms. Van Asten denies that she is liable to Mr. Dibble under any theory of *quantum meruit*, quasi contract or unjust enrichment whatsoever, because Mr. Dibble actually left Ms. Van Asten in a much worse position than she was in before she agreed to allow the renovation work to commence on her Property. Before the renovation work, her Property was in a safe, habitable and comfortable condition. When Mr. Dibble moved away, he left her Property in utter disrepair, such that it is functionally uninhabitable. Ms. Van Asten estimates that it will cost between $100,000 and $150,000 to repair work that was performed incorrectly and/or in an unworkmanlike manner, and to otherwise restore her Property to a safe,

habitable and comfortable condition. The remainder of the allegations contained in Paragraph 21 of the Complaint are denied, and strict proof thereof is demanded at trial.

22. In response to Paragraph 22 of the Complaint, Ms. Van Asten denies that Mr. Dibble is entitled to recover any damages whatsoever from her, whether in restitution or otherwise.

23. Paragraph 23 of the Complaint does not require a response.

24. In response to Paragraph 24 of the Complaint, Ms. Van Asten states that it fails to state a cognizable cause of action under Tennessee law. Alternatively, Ms. Van Asten asserts that Mr. Dibble's Complaint fails to allege sufficient facts to make out a *prima facie* case of "estoppel." For further response, Ms. Van Asten re-alleges and incorporates by reference all of her answers above, as if set forth herein verbatim. Accordingly, Ms. Van Asten asserts that Mr. Dibble's "third cause of action" should be stricken in its entirety. The remainder of the allegations in Paragraph 24 are denied, and strict proof thereof is demanded at trial.

25. Paragraph 25 of the Complaint does not require a response.

26. In response to Paragraph 26 of the Complaint, Ms. Van Asten states that it fails to state a cognizable cause of action under Tennessee law. For further response, Ms. Van Asten asserts that Mr. Dibble is not entitled to assert a lien of any nature against her Property, for all of the reasons set forth in this Answer and her Counter-Complaint below.

27. In response to Paragraph 27 of the Complaint, Ms. Van Asten denies that Mr. Dibble is entitled to recover a judgment against her of any sort, whether for money damages or any other relief whatsoever.

28. Paragraph 28 of the Complaint does not require a response.

29. In response to Paragraph 29 of the Complaint, Ms. Van Asten states that it fails to plead sufficient facts to make out a *prima facie* case of fraud under Tennessee law. Moreover, Ms.

Van Asten states that Mr. Dibble has failed to plead his fraud claim with the degree of particularity that is required under the Federal Rules of Civil Procedure and other applicable law. Accordingly, Ms. Van Asten asserts that Mr. Dibble's "fifth cause of action" should be stricken in its entirety. The remainder of the allegations in Paragraph 29 are denied, and strict proof thereof is demanded at trial.

30. Paragraph 30 of the Complaint does not require a response.

31. In response to Paragraph 31 of the Complaint, Ms. Van Asten denies that Mr. Dibble is entitled to recover any damages from her whatsoever. Moreover, Ms. Van Asten denies that Mr. Dibble has suffered irreparable harm, or that Mr. Dibble is entitled to punitive damages, or that she breached any contract between her and Mr. Dibble. Finally, Ms. Van Asten denies that Mr. Dibble has any legal right to enjoy any "benefit of ownership" with respect to her Property.

32. In response to Paragraph 32 of the Complaint, Ms. Van Asten denies that Mr. Dibble is entitled to recover any damages from her, including any punitive damages whatsoever. Ms. Van Asten further denies that she "intentionally secured unjust enrichment" through Mr. Dibble's alleged generosity and kindness.

33. In response to Paragraph 33 of the Complaint, Ms. Van Asten denies that Mr. Dibble is entitled to recover any damages from her, including any punitive damages whatsoever. Ms. Van Asten further denies that she committed any act of fraud against Mr. Dibble.

34. Any allegations in the Complaint that have not been expressly admitted herein are hereby denied, and strict proof thereof is demanded at trial.

35. Ms. Van Asten generally denies that Mr. Dibble is entitled to recover any damages or other relief from her.

36. Ms. Van Asten also denies that Mr. Dibble is entitled to assert any lien(s) against her Property or any other legal or equitable interest in her Property.

## AFFIRMATIVE AND OTHER DEFENSES

37. Ms. Van Asten hereby re-alleges and incorporates by reference all of her responses set forth hereinabove, as well as all of the allegations and averments set forth in her Counter-Complaint below, as if set forth verbatim herein.

38. Ms. Van Asten asserts that any alleged contract between her and Mr. Dibble regarding the renovations to her Property is unenforceable because it fails for want of consideration.

39. Additionally and/or in the alternative, Ms. Van Asten asserts that any time and/or money expended by Mr. Dibble in connection with the renovations to her Property was a gift to her from Mr. Dibble based on his proclaimed love and affection for her (at that time).

40. Additionally and/or in the alternative, Ms. Van Asten asserts that Mr. Dibble's claims are barred, in whole or in part, because Mr. Dibble materially breached his promise that he would marry her, which constitutes a breach of contract under Tennessee law.

41. Additionally and/or in the alternative, Ms. Van Asten asserts that to the extent Mr. Dibble's Complaint alleges or implies that a partnership existed between her and Mr. Dibble – whether a statutory partnership, a *de facto* partnership, or otherwise – such allegation is factually and legally deficient because: (A) there was never a "business" or "profit" motive with respect to any of the remodeling or renovations made to her Property, and/or (B) there was never a meeting of the minds about any business or profit motive with respect to any of the alterations or improvements made to her Property. To the contrary, all of the renovations and remodeling work that was done to her Property was only allowed to proceed by Ms. Van Asten based on Mr.

8

Dibble's promise that he would marry her and that her Property would be "their" primary residence.

42. Additionally and/or in the alternative, Ms. Van Asten asserts that Mr. Dibble's claims are barred, in whole or in part, based on the parties' conduct and prior course of dealing.

43. Additionally and/or in the alternative, Ms. Van Asten relies upon the statute of frauds, Tenn. Code Ann. § 29-2-101, to the fullest extent that it is applicable to this action.

44. Additionally and/or in the alternative, Ms. Van Asten asserts that Mr. Dibble's claims are barred, in whole or in part, by the doctrines of waiver, laches, acquiescence and/or estoppel.

45. Additionally and/or in the alternative, Ms. Van Asten asserts that Mr. Dibble's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

46. Additionally and/or in the alternative, Ms. Van Asten asserts that Mr. Dibble's claims are barred, in whole or in part, by the doctrine of equitable setoff.

47. Additionally and/or in the alternative, Ms. Van Asten asserts that Mr. Dibble's claims are barred, in whole or in part, by the doctrine of unclean hands.

48. Additionally and/or in the alternative, Ms. Van Asten relies on the doctrine of mistake as a defense to any claims asserted by Mr. Dibble.

49. Additionally and/or in the alternative, Ms. Van Asten asserts that she is excused from any obligations to Mr. Dibble because Mr. Dibble failed to satisfy one or more conditions precedent, namely, his promise that he would marry her, which was a condition to Ms. Van Asten's agreement that she would execute a quitclaim deed conveying a ½ interest in her Property to Mr. Dibble.

50. Additionally and/or in the alternative, Ms. Van Asten asserts that Mr. Dibble cannot prove any set of facts to show that Ms. Van Asten engaged in any fraudulent, deceitful, deceptive or malicious conduct, all of which Ms. Van Asten expressly denies.

51. Additionally and/or in the alternative, Ms. Van Asten asserts that to the extent Mr. Dibble has any viable cause(s) of action against her (which she denies), then Ms. Van Asten is entitled to an equitable setoff as a result of Mr. Dibble's wrongful conduct described in this Answer and in the Counter-Complaint below.

52. Additionally and/or in the alternative, Ms. Van Asten asserts that to the extent Mr. Dibble has any viable cause(s) of action against her (which she denies), Mr. Dibble failed to mitigate his damages.

53. Additionally and/or in the alternative, Ms. Van Asten asserts that, to the extent Mr. Dibble has any viable cause(s) of action against her (which she denies), Mr. Dibble assumed the risk.

54. Ms. Van Asten respectfully reserves the right to amend this Answer to assert additional defenses or affirmative defenses following the completion of discovery.

**WHEREFORE**, Ms. Van Asten respectfully prays as follows:

A. That Mr. Dibble's complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6);

B. That Mr. Dibble be denied all of the relief requested in his Complaint;

C. That Ms. Van Asten be awarded her reasonable attorneys' fees, discretionary costs and all other amounts to which she may be entitled under applicable law;

D. That the costs of this action be taxed to Mr. Dibble; and

E. That the Court award such other and further relief in Ms. Van Asten's favor as the Court may deem just and proper.

*****

## COUNTER-COMPLAINT

Pursuant to Fed. R. Civ. P. 13, Ms. Van Asten now assumes the role of Counter-Plaintiff and files the following counterclaims against Mr. Dibble:

### PARTIES, JURISDICTION & VENUE

1. Concerning the identity and citizenship of Mr. Dibble, Paragraph 1 of Mr. Dibble's complaint is re-alleged and incorporated herein by reference.

2. Concerning the identity and citizenship of Ms. Van Asten, Paragraphs 2 of Mr. Dibble's complaint is re-alleged by Ms. Van Asten and incorporated herein by reference.

3. Concerning jurisdiction and venue, Paragraphs 3, 4, 5 and 6 of Mr. Dibble's complaint are re-alleged by Ms. Van Asten and incorporated herein by reference.

### GENERAL ALLEGATIONS

4. Ms. Van Asten re-alleges and incorporates all prior allegations of this Counter-Complaint by reference, as if set forth herein verbatim.

5. Ms. Van Asten and Mr. Dibble were in a romantic relationship while they both still lived in the Atlanta area. Ms. Van Asten moved back to Roane County to be with her father, whose health was failing. Before passing away, her father conveyed the Property to Ms. Van Asten with the intention of giving her the Property to have as her personal residence.

6. Ms. Van Asten and Mr. Dibble rekindled their romantic relationship and eventually Mr. Dibble sold his home in Atlanta and moved to Roane County to be with her.

7. The parties talked about buying a house together one day and they explored various options in that regard, but ultimately decided (for various reasons) not to do so.

8. Mr. Dibble suggested that they renovate and remodel Ms. Van Asten's Property and make it "their" home.

9. On multiple occasions, Ms. Van Asten insisted that before she would agree to allow Mr. Dibble to spend any of his money for the purpose of renovating and remodeling her Property, that the parties must get married -- or that Mr. Dibble must at least promise her that he would marry her.

10. On more than one occasion, Mr. Dibble promised Ms. Van Asten that he would marry her.

11. Mr. Dibble's promise to marry Ms. Van Asten was witnessed by multiple other people on multiple occasions.

12. Ms. Van Asten's sisters and brother-in-law asked Mr. Dibble on multiple occasions about his intentions with respect to marrying Ms. Van Asten, and on each occasion, he confirmed that he intended and that he had promised her he would marry her.

13. On more than one occasion, Mr. Dibble also promised that when they got married, they would make the Property "their" home together.

14. Based upon the promise that he would marry her, Ms. Van Asten agreed to allow Mr. Dibble to spend his money for the purpose of renovating and remodeling her Property.

15. Also based upon the promise that he would marry her, Ms. Van Asten had an attorney prepare a quitclaim deed for the purpose of conveying a one half (1/2) interest in her

Property to Mr. Dibble.  She waited to sign the deed until they were actually married – which never occurred.

16. The parties hired a contractor and construction commenced in January of 2019 and continued through June of 2019.

17. The project encountered numerous delays and problems, mostly arising out of the contractor's incompetence, inability to properly schedule subcontractors, and/or his failure to communicate clearly with the parties and with subcontractors.

18. In late June or early July of 2019, Mr. Dibble ended the parties' relationship and he moved back to the Atlanta area to be closer to his adult children.

19. Upon information and belief, Mr. Dibble bought a house in the Atlanta area in July of 2019.

20. When he ended their relationship and moved back to the Atlanta area, Mr. Dibble stopped making payments to the contractor who had been doing work on the Property, thus leaving Ms. Van Asten's home in total disarray and functionally uninhabitable.

21. The kitchen and bathrooms have been completely demolished and deconstructed, flooring and walls have not been installed, electrical and plumbing items have not been completed, and the house is functionally uninhabitable.

22. Ms. Van Asten estimates that it will cost between $100,000 and $150,000 to repair work that was performed incorrectly and/or in an unworkmanlike manner, and to otherwise restore her Property to a safe, habitable and comfortable condition.

## COUNT I:

## BREACH OF CONTRACT

23. Ms. Van Asten re-alleges and incorporates all prior allegations of this Counter-Complaint by reference, as if set forth herein verbatim.

24. Mr. Dibble promised Ms. Van Asten that he would marry her.

25. Based upon and in reliance upon his promise that he would marry her, Ms. Van Asten agreed to allow Mr. Dibble to spend his money on remodeling and renovating her Property.

26. Also based upon his promise that he would marry her, Ms. Van Asten agreed to execute a quitclaim deed to convey a one half (1/2) interest in her Property to Mr. Dibble, Mr. Dibble entered into a contractual agreement for Mr. Dibble to manufacture batteries for Ms. Van Asten.

27. Mr. Dibble ended the parties' relationship and moved back to the Atlanta area in July of 2019 to be closer to his adult children.

28. Mr. Dibble breached his promise that he would marry Ms. Van Asten.

29. A promise to marry is a legally binding contract under Tennessee law.

30. Ms. Van Asten reasonably relied upon Mr. Dibble's promise.

31. As a direct and proximate result of Mr. Dibble's breach of his promise to marry her, Ms. Van Asten has incurred damages of at least One Hundred and Fifty Thousand Dollars ($150,000.00), which is the estimated cost to correct deficiencies and to restore her Property to a safe, habitable and comfortable condition.

32. As a result of Mr. Dibble's breach of contract, Ms. Van Asten is entitled to recover a judgment for money damages against Mr. Dibble.

33. Mr. Dibble's breach of the parties' agreement was knowing, intentional and/or malicious; therefore, Ms. Van Asten is also entitled to recover punitive damages in an amount that is sufficient to punish Mr. Dibble and to deter similar conduct in the future.

## COUNT II:

## DECLARATORY JUDGMENT

34. Ms. Van Asten re-alleges and incorporates all prior allegations of this Counter-Complaint by reference, as if set forth herein verbatim.

35. An actual and justiciable controversy exists between Ms. Van Asten and Mr. Dibble and Ms. Van Asten is entitled to declaratory relief pursuant to 28 U.S.C. § 2201 and/or Fed. R. Civ. P. 57.

36. An actual dispute and controversy exists between Ms. Van Asten and Mr. Dibble regarding the parties' respective rights and obligations concerning the Property and the completion of the remodeling and renovations thereto.

37. As a result of Mr. Dibble's sudden termination of the parties' relationship and his decision to move away, Ms. Van Asten was left without the means to complete construction of the renovations to her Property.

38. Since construction halted, the general contractor and subcontractors have threated liens against her Property and other legal action against Ms. Van Asten for monies allegedly owed for labor and materials that were allegedly incorporated into her Property.

39. Ms. Van Asten respectfully prays that this Court enter an order declaring the respective rights and obligations of the parties including, without limitation, the following declaratory relief:

(a) That Ms. Van Asten is not obligated to reimburse Mr. Dibble for any monies that he spent for remodeling and renovating her Property because he did so gratuitously and as a result of his proclaimed love and affection for her;

(b) Additionally and/or alternatively, that Ms. Van Asten is not obligated to reimburse Mr. Dibble for any monies that he spent for remodeling and renovating her Property because he breached his promise to marry her, which was the basis for her agreeing to allow any of the remodeling and renovations to commence in the first place;

(c) That Mr. Dibble does not have, and is not entitled to any legal, equitable, financial, possessory, or any other interest whatsoever in her Property; and

(d) That Mr. Dibble must indemnify and hold her harmless against any liens, claims, suits or damages arising out of any liens or claims brought against Ms. Van Asten and/or her Property by any contractor and/or subcontractors who furnished labor or materials to the Property.

## COUNT III:

## PROMISSORY ESTOPPEL

40. Ms. Van Asten re-alleges and incorporates all prior allegations of this Counter-Complaint by reference, as if set forth herein verbatim.

41. Ms. Van Asten relied upon Mr. Dibble's promise that he would marry her and that the parties would make her Property "their" home.

42. Ms. Van Asten's reliance upon Mr. Dibble's promise was reasonable.

43. Ms. Van Asten relied upon Mr. Dibble's promise to her material detriment.

44. Mr. Dibble subsequently breached his promise by failing to marry her and by moving away to Atlanta, leaving Ms. Van Asten with no way to complete construction of the improvements, which in turn has resulted in her Property being functionally uninhabitable.

45. As a direct and proximate result of Ms. Van Asten's reasonable and detrimental reliance upon Mr. Dibble's promise to marry her, Ms. Van Asten has incurred damages of at least One Hundred and Fifty Thousand Dollars ($150,000.00), which is the estimated cost to correct deficiencies and to restore her Property to a safe, habitable and comfortable condition.

46. As a result of Mr. Dibble's breach of contract, Ms. Van Asten is entitled to recover a judgment for money damages against Mr. Dibble.

## COUNT IV:

## SLANDER / LIBEL OF TITLE

47. Ms. Van Asten re-alleges and incorporates all prior allegations of this Counter-Complaint by reference, as if set forth herein verbatim.

48. Ms. Van Asten is the fee simple owner of the Property.

49. In his Complaint, Mr. Dibble has asserted an equitable lien and/or a lien *lis pendens* against her Property.

50. Mr. Dibble has falsely asserted that he owns a legal or equitable interest in her Property and has published the same by asserting the lien *lis pendens.*

51. Mr. Dibble has acted maliciously in asserting lien(s) against her Property.

52. As a direct and proximate result of Mr. Dibble asserting false claims and asserting liens against her Property, Ms. Van Asten has suffered (and will continue to suffer) pecuniary loss in an amount to be determined at trial.

## COUNT V:

## QUIET TITLE / REMOVAL OF *LIS PENDENS*

53. Ms. Van Asten re-alleges and incorporates all prior allegations of this Counter-Complaint by reference, as if set forth herein verbatim.

54. Ms. Van Asten is the fee simple owner of the Property.

55. Ms. Van Asten also has exclusive possession and occupancy of the Property.

56. By asserting an equitable lien, a lien *lis pendens*, and other legal or equitable interest(s) in the Property, Mr. Dibble has created a cloud on title to Ms. Van Asten's Property.

57. Ms. Van Asten respectfully prays for a judgment from this Court declaring the invalidity of any liens or other interest(s) asserted by Mr. Dibble and otherwise confirming her exclusive and unencumbered fee simple and exclusive possessory title to the Property.

*****

58. Ms. Van Asten respectfully reserves the right to amend this Counter-Complaint following the completion of discovery.

**WHEREFORE**, the Ms. Van Asten respectfully requests the following relief:

A. That Mr. Dibble be required to answer this Counter-Complaint within the time required by the Federal Rules of Civil Procedure;

B. That Mr. Dibble be found liable for all of the claims, causes of action and damages alleged hereinabove;

C. That this Court enter a judgment against Mr. Dibble and in favor of Ms. Van Asten for compensatory damages in an amount of not less than One Hundred and Fifty Thousand Dollars ($150,000.00), plus pre- and post-judgment interest thereon at the highest rate permitted under applicable law;

D. That this Court also enter a judgment against Mr. Dibble and in favor of Ms. Van Asten for punitive damages in an amount sufficient to punish Mr. Dibble for his intentional, malicious and/or reckless conduct, and to discourage and deter similar conduct in the future;

E. That this Court enter a judgment against Mr. Dibble and in favor of Ms. Van Asten equal to Ms. Van Asten's reasonable attorneys' fees and court costs incurred in defending and prosecuting this action, to the fullest extent permitted under other applicable law;

F. That this Court enter an order declaring:

(i) That Ms. Van Asten is not obligated to reimburse Mr. Dibble for any monies that he spent for remodeling and renovating her Property because he did so gratuitously and as a result of his proclaimed love and affection for her;

(ii) Additionally and/or alternatively, that Ms. Van Asten is not obligated to reimburse Mr. Dibble for any monies that he spent for remodeling and renovating her Property because he breached his promise to marry her, which was the basis for her agreeing to allow any of the remodeling and renovations to commence in the first place;

(iii) That Mr. Dibble does not have, and is not entitled to any legal, equitable, financial, possessory, or any other interest whatsoever in her Property; and

(iv) That Mr. Dibble must indemnify and hold her harmless against any liens, claims, suits or damages arising out of any liens or claims brought against Ms. Van Asten and/or her Property by any contractor and/or subcontractors who furnished labor or materials to the Property.

G. That this Court enter an order clearing title to the Property and confirming Ms. Van Asten's fee simple and exclusive possessory title to same; and

H. That Ms. Van Asten be awarded such further and other relief as this Court deems just and proper.

Respectfully filed this 4th day of October, 2019.

**LONG, RAGSDALE & WATERS, P.C.**

By: /s/ W. Michael Baisley .

W. Michael Baisley (TN BPR # 024304)
1111 N. Northshore Dr., S-700
Knoxville, Tennessee 37919
Tel: (865) 584-4040
Fax: (865) 584-6084
mbaisley@lrwlaw.com

*Counsel for the Defendant / Counter-Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2019, a true copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

| | |
|---|---|
| ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Fax<br>☐ Email<br>☐ FedEx<br>X CM/ECF | J. Michael Clement, Esq.<br>108 S. Main Street<br>P.O. Box 530<br>Clinton, TN 37717-0530 |

Respectfully filed this 4th day of October, 2019.

**LONG, RAGSDALE & WATERS, P.C.**

/s/ W. Michael Baisley .
W. Michael Baisley (TN BPR # 024304)