# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

**LYNDEN DIBBLE,**

    **Plaintiff,**

v.                                                                       No. 3:19-cv-00381

**FELICIA VAN ASTEN,**

    **Defendant.**

## ANSWER TO COUNTER COMPLAINT

**COMES NOW** the Plaintiff, Lynden Dibble, by and through counsel, and for his response to the Counter Complaint filed against him would state unto this Honorable Court as follows:

1. The statement contained in paragraph 1 of the Counter Complaint requires no response of Plaintiff.

2. The statement contained in paragraph 2 of the Counter Complaint requires no response of Plaintiff.

3. The statement contained in paragraph 3 of the Counter Complaint requires no response of Plaintiff.

4. The statement contained in paragraph 4 of the Counter Complaint requires no response of Plaintiff.

5. In response to paragraph 5 of the Counter Complaint, Plaintiff admits that Defendant lived in the Atlanta area with Plaintiff but that she moved out after the parties had an argument. Plaintiff admits that Defendant moved back to Roane County, Tennessee due to her father's illness.

6. Plaintiff admits the averments contained in paragraph 6 of the Counter Complaint.

7. The averment contained in paragraph 7 of the Counter Complaint is admitted in part and denied in part. Plaintiff states that the parties looked in an area known as Avalon with a Realtor with the view toward buying or building a house but could not find a house or lot that met the parties' criteria.

8. The averment contained in paragraph 8 of the Counter Complaint is admitted in part and denied in part. Plaintiff states that he did bring up the idea of renovating the house at 186 Cabot Lane, Rockwood, Roane County, Tennessee, but the parties made a mutual decision to begin such a remodeling project only after many weeks of discussion. Plaintiff states that at no time during those discussions did either party bring up the possibility of marriage.

9. The averments contained in paragraph 9 of the Counter Complaint are denied in their entirety and strict proof of same is demanded. Plaintiff states that at no time during their discussions on remodeling the Cabot Lane property did Defendant ever bring up the subject of marriage.

10. The averment contained in paragraph 10 of the Counter Complaint is denied in full and strict proof of same is demanded. Plaintiff denies that he ever promised Defendant that he would marry her.

11. The averment contained in paragraph 11 of the Counter Complaint is denied in full and strict proof of same is demanded. Plaintiff denies that he ever promised Defendant that he would marry her.

12. The averments contained in paragraph 12 of the Counter Complaint are admitted in part and denied in part. Plaintiff admits that Defendant's sisters asked Plaintiff on several

occasions whether he intended to marry Defendant, but he always replied that there were issues that had to be resolved first. Plaintiff further states that even the Defendant told her sisters that one reason the parties had not married was due to problems with the loan for the remodeling project that had to be resolved.

13. The averments contained in paragraph 13 of the Counter Complaint are admitted in part and denied in part. Plaintiff admits the parties certainly talked about the property as "their/our home together" for the future, but at no time did Plaintiff make any promise to marry Defendant.

14. The averments contained in paragraph 14 of the Counter Complaint are denied in their entirety and strict proof of same is demanded. Plaintiff states the parties agreed to proceed with the renovation and signed a contract with a remodeling company, and they discussed a 50/50 ownership of the property based on market value and investment of monies in the property.

15. The averments contained in paragraph 15 of the Counter Complaint are denied in their entirety and strict proof of same is demanded.

16. The averments contained in paragraph 16 of the Counter Complaint are admitted in part and denied in part. Plaintiff admits the parties hired a contractor and work began in January 2019. The work stopped on July 12, 2019 when Defendant changed the locks on the doors, stopped communicating with the contractor, and called the city to stop all work it was doing.

17. The averments contained in paragraph 17 of the Counter Complaint are admitted, with the additional clarification that some of the delays were caused by Defendant special ordering items for the renovated space that either would not fit or were over-budget,

and her arguments with the contractor and subcontractors, all of which delayed completion of the project.

18. The averment contained in paragraph 18 of the Counter Complaint is admitted in that the parties had a terrible argument on the evening of July 5, 2019. The next morning, Plaintiff packed up what he could of his belongings and left for Georgia.

19. The averment contained in paragraph 19 of the Counter Complaint is denied. Plaintiff rents a house in the Atlanta area.

20. The averments contained in paragraph 20 of the Counter Complaint are admitted in part and denied in part. Plaintiff states the parties were less than $24,000 and less than 30 days from completion of the project, and he had a moral commitment to finishing the project with their contractor. However, Defendant cancelled the kitchen and bathrooms of the remodeling project so that she could redesign them, and then changed the locks so that the contractor could not come in to finish the job.

21. The averments contained in paragraph 21 of the Counter Complaint are admitted, and all because of Defendant's actions as stated in paragraph 20 herein.

22. The averments contained in paragraph 22 of the Counter Complaint are denied in their entirety and strict proof of same is demanded. Again, Plaintiff refers to his responses to paragraphs 20 and 21 herein.

23. The averment contained in paragraph 23 of the Counter Complaint does not require a response by the Plaintiff.

24. The averment contained in paragraph 24 of the Counter Complaint is denied in full and strict proof of same is demanded. Plaintiff denies that he ever promised Defendant that he would marry her.

4

25. The averments contained in paragraph 25 of the Counter Complaint are denied in their entirety and strict proof of same is demanded.

26. The averments contained in paragraph 26 of the Counter Complaint are admitted in part and denied in part. Plaintiff states that Defendant did agree to convey a one-half interest in the real property. At no time did Plaintiff agree to manufacture any batteries for Defendant, nor did he enter into any contractual agreement for the same.

27. The averments contained in paragraph 27 of the Counter Complaint are admitted in that Plaintiff did leave Tennessee to return to Georgia to get away from the constant battles with Defendant and the unhappiness they were both going through.

28. The averment contained in paragraph 28 of the Counter Complaint is denied in full and strict proof of same is demanded.

29. In response to paragraph 29 of the Counter Complaint, Plaintiff states that he did not promise to marry Defendant.

30. In response to paragraph 30 of the Counter Complaint, Plaintiff states that he did not promise to marry Defendant.

31. The averments contained in paragraph 31 of the Counter Complaint are denied in their entirety and strict proof of same is demanded.

32. The averments contained in paragraph 32 of the Counter Complaint are denied in their entirety and strict proof of same is demanded.

33. The averments contained in paragraph 33 of the Counter Complaint are denied in their entirety and strict proof of same is demanded.

34. No response is required of Plaintiff to paragraph 34 of the Counter Complaint.

35. In response to the averments contained in paragraph 35 of the Counter Complaint, Plaintiff admits there is a controversy but denies the remainder of the averments in their entirety and strict proof of same is demanded.

36. In response to the averments contained in paragraph 36 of the Counter Complaint, Plaintiff admits that a controversy exists.

37. The averments contained in paragraph 37 of the Counter Complaint are denied in their entirety and strict proof of same is demanded.

38. Plaintiff can neither admit nor deny the averments contained in paragraph 38 of the Counter Complaint but would state that he is not surprised because Defendant locked the contractor and subcontractors out of the house and refused to return their tools to them.

39. The averments and prayers stated in paragraph 39 [a], [b], and [c] are denied in their entirety and strict proof of same is demanded. Plaintiff requests this Honorable Court to deny all of Defendant's prayers for relief.

40. No response is required of Plaintiff to paragraph 40 of the Counter Complaint.

41. Plaintiff admits the parties discussed making the property "their" home but denies the remaining averments contained in paragraph 41 of the Counter Complaint.

42. In response to the averment contained in paragraph 42 of the Counter Complaint, Plaintiff denies that he promised to marry Defendant.

43. In response to the averment contained in paragraph 43 of the Counter Complaint, Plaintiff denies that he promised to marry Defendant.

44. Plaintiff admits he moved back to the Atlanta area, but the remaining averments contained in paragraph 44 of the Counter Complaint are denied and strict proof of same is demanded.

45. The averments contained in paragraph 45 of the Counter Complaint are denied in their entirety and strict proof of same is demanded.

46. The averments contained in paragraph 46 of the Counter Complaint are denied in their entirety and strict proof of same is demanded.

47. No response is required of Plaintiff to the statement contained in paragraph 47 of the Counter Complaint.

48. The averment contained in paragraph 48 of the Counter Complaint is admitted.

49. The averments contained in paragraph 49 of the Counter Complaint are admitted.

50. In response to paragraph 50 of the Counter Complaint, Plaintiff admits he asserted a legal or equitable interest in the real property and a *lis pendens* lien but denies that they were falsely asserted.

51. The averment contained in paragraph 51 of the Counter Complaint is denied in its entirety and strict proof of same is demanded.

52. The averments contained in paragraph 52 of the Counter Complaint are denied in their entirety and strict proof of same is demanded.

53. No response is required of Plaintiff to the statement contained in paragraph 53 of the Counter Complaint.

54. The averment contained in paragraph 54 of the Counter Complaint is admitted.

55. The averment contained in paragraph 55 of the Counter Complaint is admitted.

56. The averments contained in paragraph 56 of the Counter Complaint are denied and strict proof of same is demanded.

57. In response to paragraph 57 of the Counter Complaint, Plaintiff denies that Defendant is entitled to any relief and requests this Honorable Court to deny Defendant's requests or prayers for relief.

58. No response is required of Plaintiff to the statement contained in paragraph 58 of the Counter Complaint.

59. **Affirmative Defense No. 1**: Defendant/Counter Plaintiff has failed to state a claim for damages upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) in that there is no privity of contract with Plaintiff/Counter Defendant regarding work being performed on the residence.

60. **Affirmative Defense No. 2**: Further, pursuant to Federal Rule of Civil Procedure 8(c)(91), Defendant/Counter Plaintiff is estopped from denying that Plaintiff/Counter Defendant is owed the return of his money because Defendant/Counter Plaintiff committed fraud to get Plaintiff/Counter Defendant to spend his money on her house.

**WHEREFORE**, now having responded in full to the Counter Complaint filed herein against him, Plaintiff prays that the same be dismissed in its entirety; that this cause of action proceed solely on Plaintiff's original Complaint; that Plaintiff be awarded his reasonable attorney's fees for the necessity of filing an answer to the same; that all costs be taxed against Defendant, for which execution may lie, if necessary; and for such other and further general relief to which he may be entitled.

Respectfully submitted this 14 day of Oct, 2019.

RIDENOUR & RIDENOUR

_____
J. Michael Clement, BPR #012026
Attorney for Plaintiff
108 South Main Street
P. O. Box 530
Clinton, TN 37717-0530
865.457.0755
865.457.4878 (facsimile)
jmc@ridenourlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Answer to Counter Complaint* was filed electronically with the Clerk of the Court using the CM/ECF system, and that a notification of such filing will be sent to counsel for Defendant via the CM/ECF system by email, to-wit:

| | |
|---|---|
| W. Michael Baisley, Esq.<br>Long Ragsdale & Waters, P.C.<br>1111 N. Northshore Drive, Suite S-700<br>Knoxville, TN 37919 | via mbaisley@lrwlaw.com |

this 14 day of October, 2019.

_____
J. Michael Clement, BPR #012026